UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZACHARY PONCHENE,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br>LEMONADE INSURANCE COMPANY,<br><br>　　　　　　　　　Defendant. | Case No. 2;25-cv-01074-TLF<br><br>ORDER ON MOTION TO REMAND AND ATTORNEY FEES |

　　　　This matter comes before the Court on plaintiff Zachary Ponchene's motion to remand for lack of subject matter jurisdiction and attorney fees. Dkt. 6.

　　　　Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 8.

　　　　As explained below, plaintiff's motion to remand for lack of subject matter jurisdiction and attorney fees is DENIED.

**BACKGROUND**

　　　　Plaintiff initially filed this lawsuit in state court on April 24, 2025, asserting claims for breach of insurance contract, bad faith, and violation of the Consumer Protection Act (CPA) and the Insurance Fair Conduct Act (IFCA) against defendant Lemonade Insurance Company. Dkt. 1.

1

On June 10, 2025, defendant filed a notice of removal. Dkt. 1. Defendant's notice of removal stated that the removal was proper pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Dkt. 1. Defendant stated this Court had original jurisdiction over the matter under 28 U.S.C. §§ 1441 and 1446 because the amount in controversy exceeds the sum of $75,000, and defendant and plaintiff are citizens of different states. Dkt. 1. Plaintiff is a citizen of the state of Washington, and defendant is domiciled in New York, with its principal business in New York. Dkt. 1.

On June 16, 2025, plaintiff filed this motion to remand pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction and failure to comply with Local Civil Rule 101(a). Dkt. 6. Plaintiff also requests costs and fees be awarded to him. Dkt. 6. Defendant filed a response on July 2, 2025. Dkt. 11.

## DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 1441(a), a defendant may remove an action filed in state court to federal court if the federal court would have original subject matter jurisdiction. Pursuant to 28 U.S.C. § 1447(c), a plaintiff can move to remand to state court after removal, based on jurisdictional or procedural defects in removal. *See Kamm v. ITEX Corp.*, 568 F.3d 752, 754-57 (9th Cir. 2009). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the court shall remand the case. *See* 28 U.S.C. § 1447(c). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). The party asserting federal jurisdiction has the burden of proof on a motion to remand to state court. *See Carrington v. City of Tacoma, Dep't of*

*Pub. Utilities, Light Div.*, 276 F. Supp. 3d 1035, 1041 (W.D. Wash. 2017); *see also Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196 (N.D. Cal. 1998). Because there is a strong presumption against removal jurisdiction, the defendant bears the burden of proving that removal is proper by a preponderance of the evidence. *See Conrad*, 994 F. Supp. at 1198.

**B. Amount in Controversy**

Pursuant to 28 U.S.C. § § 1441(a) and 1332, the district court has diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000, excluding interest and costs, and the parties are citizens of different states. Federal subject matter jurisdiction under 28 U.S.C. § 1332 requires complete diversity of state citizenship between the plaintiff and all the defendants. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 82 (2005)

There is no dispute that the parties in this case are completely diverse. *See* Dkt. 6. Thus, the only remaining issue before the Court is whether the amount in controversy exceeds $75,000.

If the complaint does not specify an amount of damages, a defendant's notice of removal that plausibly alleges the amount in controversy exceeds $75,000 will be accepted. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). If the plaintiff contests the defendant's allegations, the court must determine whether the amount in controversy requirement is met by a preponderance of the evidence. *Id.* at 88. In making this determination the court considers "'summary-judgment type evidence relevant to the amount in controversy at the time of removal'" presented by both sides. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089,

3

1090 (9th Cir. 2003) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). The amount in controversy may include not only actual damages but also statutorily authorized treble damages and attorney fees when the plaintiff requests treble damages under the CPA and IFCA. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 (9th Cir. 2000).

In the complaint, plaintiff seeks: (1) award of all damages sustained by plaintiff; (2) award of plaintiff's attorney fees and costs, including *Olympic Steamship*[1]; (3) award of all damages under RCW 19.86; and (4) award of damages under the IFCA. Dkt. 1.

Because plaintiff does not allege an exact dollar amount of damages, it is not facially apparent from the complaint that the jurisdictional amount in controversy is met. Therefore, defendant must prove the amount in controversy exceeds $75,000 by a preponderance of the evidence. Since plaintiff seeks damages under both IFCA and CPA, defendant calculates the amount in controversy based on the potential treble damages available under these statutes. Dkt. 11.

The Court agrees with the defendant's contention that plaintiff's request for treble damages and attorney fees under IFCA and CPA increases the amount in controversy beyond $75,000.

The IFCA provides a private cause of action for a first-party claimant who has been unreasonably denied insurance coverage and authorizes both treble damages and

---

[1] The Court notes that attorney fees are generally not recoverable in Washington absent contractual statutory, or equitable authorization. *See McGreevy v. Or. Mut. Ins. Co.*, 128 Wash.2d 26 n.8 (1995). Yet under the *Olympic Steamship* doctrine, attorney fees are recoverable when an insured is compelled to litigate to obtain the full benefit of coverage. *See Olympic S.S. v. Centennial Insurance Co.*,117 Wash.2d 37, 53 (1991). Here, plaintiff alleges that defendant's refusal to pay benefits under the policy forced plaintiff to commence litigation to secure coverage, bringing this case within the scope of *Olympic Steamship*. And, plaintiff seeks attorney fees under the IFCA, RCW 48.30.015, and the CPA, RCW 19.86.090, both of which provide statutory authorization for reasonable attorney fees.

4

an award of attorney fees. *See* RCW 48.30.015(1)-(3). Under IFCA, treble damages may be awarded in "an amount not to exceed three times the actual damages," *see* RCW 48.30.015(2). Under the CPA, treble damages may be awarded up to $25,000 per violation, *see* RCW 19.86.090. Here, plaintiff seeks $10,000 in actual damages under the relevant policy and expressly requests treble damages under both IFCA and CPA. Applying these statutes to plaintiff's alleged damages, plaintiff can seek treble damages up to $30,000 under IFCA (three times the actual damages) and up to $25,000 under CPA (maximum CPA violation fee). The treble damages under IFCA and CPA plus the $10,000 in actual damages results in approximately $65,000 at issue, even before accounting for attorney fees.

In addition to the treble damages, defendant argues that if plaintiff prevails, the plaintiff will be entitled to attorney fees under Washington common law. Defendant contends plaintiff's future attorney fees should be factored into the amount in controversy and, if they are factored in, plaintiff's claim exceeds $75,000.

Attorneys' fees awarded under fee-shifting statutes or contracts are included in calculating the amount in controversy. *See Fritsch v. Swift Transp. Co. of Arizona, LLC*, 889 F.3d 785, 794 (9th Cir. 2018) ("a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount in controversy requirement is met."); *see also, Kido as trustee for Kido v. Transamerica Life Ins. Co.*, No. C19-1858-JCC, 2020 WL 428978 (W.D. Wash. Jan. 28, 2020) ("The amount in controversy may include not just actual damages, but also statutorily authorized treble damages and attorney fees.") (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998)).

5

The Court will, therefore, look at attorney's fees in calculating the amount of plaintiff's damages.

According to the plaintiff's declaration, plaintiff's counsel expended 5 hours preparing for instant motion; plaintiff's counsel's hourly rate for 2025 is $500 per hour. Dkt. 7, Declaration of Leah S. Snyder, at 2. Adding $2,500 in current attorney fees to the estimated $65,000 in treble damages results in a total amount in controversy of approximately $67,500. Additional damages remain to be considered, including potential attorney's fees and expert fees. Thus, under these circumstances, defendant's reliance on plaintiff's complaint to approximate that the amount in controversy exceeded $75,000 was not unreasonable. *See Bender v. USAA Gen. Indem. Co.*, No. C22-1765-JCC, 2023 WL 2326910 (W.D. Wash. Mar. 2, 2023). (holding that where the plaintiff sought treble damages under IFCA and CPA placing the amount in controversy at approximately $70,000, the addition of potential future attorney fees reasonably supported a finding that the amount in controversy exceeded $75,000).

Considering plaintiff's requests for treble damages under IFCA and CPA along with potential statutory attorney fees, the Court concludes defendant sufficiently demonstrated that the amount in controversy likely exceeds the $75,000 jurisdictional threshold.

Plaintiff contends that the trebling numbers defendant relies on are inflated to push the amount in controversy closer to the jurisdictional threshold. Where a complaint expressly seeks treble damages under IFCA and CPA, courts generally include the trebled amount in calculating the amount in controversy. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 (9th Cir. 2000) (allowing calculation of treble

6

damages authorized by state statute when determining the amount in controversy). Because plaintiff explicitly requests treble damages under both statutes, those enhanced damages are properly factored into the amount in controversy calculation.

Defendant has met its burden of showing by a preponderance of evidence that the amount in controversy exceeds $75,000. The Court has jurisdiction over this matter by diversity jurisdiction and plaintiff's motion to remand is DENIED.

**C. Attorney's Fees**

Plaintiff seeks an award of attorney's fees pursuant to 28 U.S.C. 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, it was not objectively unreasonable for the defendant to seek removal. Defendant has proven, by a preponderance of the evidence, that removal is proper.

Therefore, plaintiff's request for an award of fees, costs, and expenses pursuant 28 U.S.C. § 1447(c) is DENIED.

Dated this 26th day of August, 2025.

Theresa L. Fricke
United States Magistrate Judge